UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LORI PARKER-PARR,           )
                            )
        Plaintiff,          )
                            )
        v.                  )       NO.  3:05-0722
                            )
PROMETRIC, INC., et al.,    )       Judge Campbell/Bryant
                            )
        Defendants.         )

**TO: The Honorable Todd J. Campbell**

<u>**REPORT AND RECOMMENDATION**</u>

By Order entered on October 17, 2005 (Docket Entry No. 8), this case was referred to the Magistrate Judge for entry of a scheduling order; for decision on all pretrial, nondispositive motions; and for reports and recommendations on all dispositive motions. By order entered August 28, 2006 (Docket Entry No. 43), this case was reassigned from Magistrate Judge Griffin to the undersigned.

Pending before the Court are Defendant Educational Testing Services' Motion to Dismiss (Docket Entry No. 22) and Defendant Thomson Prometric's Motion to Dismiss (Docket Entry No. 24). For the reasons stated below, the undersigned respectfully **RECOMMENDS** that these motions be **DENIED**.

Both defendants move for dismissal under Rule 12(b)(1) (lack of jurisdiction over the subject matter), Rule 12(b)(6) (failure to state a claim upon which relief can be granted), and Rule 12(b)(7) (failure to join a party under Rule 19).

## The Allegations in the Complaint

Plaintiff, proceeding pro se in this diversity action, alleges in her complaint that in 2002 the Defendants (presumably acting collectively) were franchisors in a franchise agreement with the State of Tennessee (franchisee) for the operation of a computer-based testing center at the Tennessee State University ("TSU") campus in Nashville. (Complaint, ¶ 2). Plaintiff alleges that Yancey Padget, acting jointly as Director of Testing Services for TSU and as an agent of Defendants, offered Plaintiff a job as a test center administrator in the testing center. (Complaint, ¶¶ 3, 5, 17). Padget allegedly offered to pay Plaintiff a salary of $893.00 per month for part-time work not to exceed 20 hours per week, and, in addition, promised that Plaintiff would receive free tuition for certain graduate courses that Plaintiff wished to take at TSU. (Complaint, ¶¶ 18, 24). Plaintiff accepted Padget's offer of employment and, in August 2002, Plaintiff resigned from her job at Sylvan-Prometric testing center to begin work at the testing center at TSU.

Plaintiff alleges that, almost immediately after she started her new job at the TSU testing center, Padget began to breach the terms of her employment. Padget informed her that she would be required to work more than a minimum 20 hours per week in order to receive the agreed-upon salary. (Complaint, ¶ 35). Approximately a month later, Plaintiff in September 2002 received

2

an invoice from the TSU Bursar's office stating that she owed the University $2,952.00, contrary to Padget's promise that Plaintiff would be allowed to take courses tuition-free. (Complaint, ¶ 40). Plaintiff claims that, beginning in October 2002, Padget approached her to demand that she sign an amendment that materially changed the terms of her employment agreement. (Complaint, ¶ 43). After Plaintiff refused to sign this amendment, Padget continued to badger her and threatened to go to Plaintiff's graduate dean to force her to sign the amendment. (Complaint, ¶ 45). After Plaintiff persisted in her refusal to sign the proposed contract amendment, she received another letter from the TSU Bursar regarding her outstanding student account balance, this time stating that a "financial hold" had been placed on her academic records and student account until her "overage" was paid in full. (Complaint, ¶¶ 52, 53). Plaintiff alleges that her academic records and her master's degree diploma have been "held hostage" by the University because of her refusal to pay her alleged outstanding balance on her student account. (Complaint, ¶ 56).

Defendant alleges that she resigned her position with the "franchise" on January 3, 2003, for failure to pay salary as promised. (Complaint, ¶ 59). Plaintiff attempted to return to her previous job, but it had already been filled. (Complaint, ¶ 60).

Plaintiff alleges that Padget was acting as agent of the Defendants when she lured Plaintiff away from her previous job with

3

false promises regarding the terms and conditions of employment at the TSU testing center.

Alleging numerous causes of action including fraud and breach of contract, Plaintiff seeks damages, compensatory and punitive, as well as certain prospective relief, to which she claims to be entitled. (Complaint, ¶¶ 1, 74-80).

### Defendants' Motions to Dismiss

Defendants have filed motions to dismiss pursuant to Rule 12(b)(1), 12(b)(6) and 12(b)(7).

Rule 12(b)(1). A motion to dismiss under Rule 12(b)(1) raises the fundamental question whether the federal district court has subject matter jurisdiction over the matter before it. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004). Defendants here argue that Tennessee law vests in the Tennessee Claims Commission exclusive jurisdiction of claims and actions arising from acts of state employees. Tenn. Code. Ann. § 9-8-307. Defendants argue that, according to the allegations in the complaint, Ms. Padget was an employee of the State of Tennessee and that any claims arising from her alleged wrongdoing, or that of the Bursar of TSU, are subject to the exclusive jurisdiction of the Tennessee Claims Commission.

Tennessee Code Annotated section 9-8-307(a)(1) states in pertinent part: "The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary

4

claims <u>against</u> <u>the</u> <u>state</u> based on the acts or omissions of `state employees,' . . . ." (emphasis added). Although the complaint does allege that Ms. Padget "was a state employee during all times of the events of this complaint" (Complaint, ¶ 3), the State of Tennessee is not a party and the complaint includes no "monetary claims against the state based on the acts or omissions of" Ms. Padget. Therefore, the Tennessee Claims Commission statute is not implicated by this case, and its exclusive jurisdiction provision does not operate to deprive this Court of subject matter jurisdiction. The undersigned therefore **RECOMMENDS** that Defendants' Motions to Dismiss based upon Rule 12(b)(1) be **DENIED**.

<u>Rule 12(b)(6)</u>. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 2004). Under Rule 12(b)(6), a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

5

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts." Oil Chem. & Atomic Workers International Union v. Delta Refining Co., 277 F.2d 694, 697-98 (6th Cir. 1960). Moreover, courts are obliged to hold the pleading of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972).

Defendants maintain that the complaint fails to state a claim because Padget, they assert, was an employee and agent of the State of Tennessee and not an employee or agent of the defendants, and, therefore, her alleged wrongdoing cannot be imputed to defendants. While defendants may ultimately be proven correct, the complaint alleges that Padget acted as an agent of Defendants. (Complaint, ¶¶ 3, 4, 68, 74).

The issue of the scope of one's agency is ordinarily a question of fact. Blackwell v. Westerwall, No. 01A-01-9410-CV-00493, 1995 WL 153351, at *10 (Tenn. Ct. App. Apr. 7, 1995). On a Rule 12(b)(6) motion it is not the court's function to weigh evidence or resolve factual disputes. Instead, the court is

required to accept all allegations of the complaint, and to draw all reasonable inferences in a light most favorable to plaintiff. Herron v. Harrison, 203 F.3d 410, 414 (6th Cir. 2000). On this motion, the Court cannot weigh the evidence and decide whether Ms. Padget acted for Defendants when she hired Plaintiff. The complaint alleges that she did, and that her wrongdoing should be imputed to defendants. The Court is required to accept these allegations as true. Therefore, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss based upon Rule 12(b)(6) should be **DENIED**.

Rule 12(b)(7). Rule 12(b)(7) authorizes a motion to dismiss for failure to join a party in accordance with Rule 19. Defendant Educational Testing Services ("ETS") in its memorandum states: "TSU and Padget, the primary alleged wrongdoers in the Complaint, are necessary and proper party Defendants and should be substituted under Rule 19 of the Federal Rules of Civil Procedure as the proper Defendants." (ETS Memorandum, ¶ 7). Neither ETS nor defendant Thomson Prometric offers further explanation why TSU and Padget are "necessary" defendants.

Rule 19, in pertinent part, describes persons who should be joined, if feasible:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those

7

> already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Padget and TSU do not satisfy subsection (2) above because neither "claims an interest relating to the subject of the action." Therefore, the necessity of their joinder as parties depends on whether in their absence complete relief can be "accorded among those already parties."

From the record developed so far, it appears that Defendants deny that Ms. Padget was their employee or otherwise acted as their agent in her dealings with Plaintiff. Plaintiff, however, asserts that although Ms. Padget was an employee of TSU and, therefore, the State of Tennessee, she also acted as an agent of Defendants when she hired Plaintiff. It appears that if the evidence supports Defendants' assertion that Ms. Padget did not act for them, they will prevail and be accorded complete relief without the joinder of TSU and Padget. If, on the other hand, the finder of fact determines that Padget acted on behalf of Defendants in her dealings with Plaintiff, Defendants presumably will have recourse against TSU as provided in the contract between these parties. In either case, the absence of TSU and Padget will not prevent complete relief from being accorded among the parties to this case.

8

The undersigned, therefore, **RECOMMENDS** that Defendants' Motions to Dismiss based upon Rule 12(b)(7) be **DENIED**. In the alternative, the Court may wish to defer resolution of this issue until after discovery on the scope of Ms. Padget's agency can be had. See 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1359 (3d ed. 2004).

### Summary

For the reasons stated above, the undersigned **RECOMMENDS** that Defendants' Motions to Dismiss (Docket Entry Nos. 22 and 24) be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 17th day of January, 2007.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

9